## G. HOWARD SPAETH v. OSCAR HALLAM.[1]

October 31, 1941.

No. 32,795.

J. A. A. Burnquist, Attorney General, P. F. Sherman, Assistant Attorney General, and Franklin B. Stevens, Special Counsel, for relator.

Oscar Hallam and Harry G. Costello, Jr., for respondent.

STONE, JUSTICE.

The one question is whether respondent is entitled to deduct, in the computation of his state income tax for 1937, certain real estate taxes paid by him in that year.

In September of 1936 he purchased and took title to the real estate in question. The 1935 taxes thereon had been paid by the vendors. The 1936 taxes were not payable until the first Monday in January 1937. Respondent paid them after that day and in 1937.

The theory of the state is that the 1936 taxes so paid by respondent were a part of what he had to pay to get unencumbered

[1]Reported in 300 N. W. 600.

title, and hence really a part of the purchase price and a capital expenditure.

The argument is that, inasmuch as under Mason St. 1927, § 2191, taxes on real estate are a lien in favor of the state "from and including May 1 in the year in which they are levied," respondent took title subject to that lien. Section 2191, after declaring the lien and that it shall continue until the taxes are paid, concludes thus: "but, as between grantor and grantee, such lien shall not attach until the first Monday of January of the year next thereafter." So, too plainly for argument, the state's lien for the 1936 taxes was not an encumbrance "as between grantor and grantee" upon the real estate purchased by respondent in September of that year. He got from the grantor a title which, between them, was free from that lien and remained so until the tax became payable on the first Monday of January of the succeeding year.

The state's lien is for the state's protection and takes hold before the taxes are levied and assessed. May 1 simply happens to be the date as of which in respect to value (and ownership of personal property) they are levied. The processes of assessment and levy are long and complicated. They are incomplete, both practically and legally, until the tax accrues in the sense of becoming payable. That determinative event does not take place until the first Monday of January in the succeeding year. It is so provided in Mason St. 1927, § 2074, reading thus:

"On or before the first Monday in January in each year, the county auditor shall deliver the lists of the several districts of the county to the county treasurer, taking therefor his receipt, showing the total amount of taxes due upon the lists. Such lists shall be authority for the treasurer to receive and collect taxes therein levied."

The declaration that the lists shall be the treasurer's authority for receiving payment necessarily implies that until he has the lists, which normally is not before the first Monday in January, he has no authority to receive payment. There being nobody with

158

authority to receive payment, there is no opportunity for the tax-payer to pay. Nelson v. Becker, 63 Minn. 61, 65, 65 N. W. 119.

That statutory background explains the practice, long prevalent in Minnesota, of allocating real estate taxes as between vendor and vendee as of the first Monday in January. The result is that normally, where one purchases land during a given year, he will pay the tax levied for that year in the succeeding year. As to the time of and necessity for payment, he properly considers it as current tax for that year and so an expense of maintenance rather than a capital expenditure.

Minnesota real estate taxes operate exclusively *in rem*. Our statutes impose no personal obligation upon anyone to pay them. It is therefore essential to determine when a real estate tax accrues, not only in the sense of being secured by a lien in favor of the state, but also in the sense of becoming a liquidated, fixed, and payable demand. True, as held in Lifson v. Commr. of Internal Revenue (8 Cir.) 98 F. (2d) 508, the lien, as distinguished from the tax, accrues as of May 1 in the sense that it then attaches to the land.[2] But we cannot agree that the accrual of the lien, rather than the accrual of the tax as a fixed and liquidated demand, is decisive for the purpose of determining whether, when the tax is paid, it is to be considered as capital expenditure or current expense.

The French and Latin origins of the word "accrue" and its derivatives justify generally the idea that anything accrues when it attaches itself to something else. In that sense "accrual" is synonymous with "accretion." But the word and its derivatives are anything but words of legal art. In general and legal usage they have a variety of meanings. There is hence need in the process of interpretation for resort to context and, in the case of statute or contract, to declared purpose. The statutory postpone-

---

[2] Merchants Bank Bldg. Co. v. Helvering (8 Cir.) 84 F. (2d) 478, relied upon by the state, does not support its contention. Deduction was sought and denied for taxes levied in 1928 on real estate purchased after the first Monday in January 1929.

ment of accrual of a real estate tax as a fixed and liquidated demand, and the postponement of both right and opportunity for payment to the first Monday of January in the year succeeding that in which the state's lien takes effect, are significant. When coupled as they are with the explicit postponement of the lien as between vendor and vendee to the time when the tax accrues in the sense of becoming payable, the whole seems to us to make this decision inescapable.

That does not mean that by contract any real estate tax which is accrued in the sense of being both liquidated and payable may be shifted from vendor to vendee in such fashion as to enable the latter to consider it as deductible expense for purposes of income taxation. Only when, as here, the statute has shifted from the title of the vendor to that acquired by the vendee the burden of the tax, does the vendee, upon payment, discharge what, as to both him and the vendor, is a current tax. In such case, the tax should not be considered as any part of the cost of the property to the vendee.

Order affirmed.