## CONSOLIDATED ELEVATOR CO. v. UNITED STATES.

### No. 302.

District Court, D. Minnesota,
Fifth Division.

July 22, 1943.

Donald S. Holmes (of Holmes, Mayall, Reavill & Neumeyer), of Duluth, Minn., for plaintiff.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

NORDBYE, District Judge.

The situation may be stated as follows: On August 1, 1939, plaintiff was organized and commenced to do business. On that date, in exchange for its capital stock, it acquired from the former owner certain real estate situated in Duluth, Minnesota. Ever since its organization, plaintiff has filed its income tax returns on the basis of a fiscal year ending January 31st of each calendar year and upon an accrual basis. In its tax return filed April 11, 1940, for the period August 1, 1939, to January 31, 1940, plaintiff deducted from its gross income as "taxes accrued" during said fiscal period or year the general taxes levied for the calendar year 1939 and payable in 1940 on the real estate acquired as above stated; the amount of the taxes so levied and deducted being $26,417.82. The Commissioner disallowed the deduction. The pertinent statute is Section 23 of the Internal Reve-

enue Code, 26 U.S.C.A. Int.Rev.Code, § 23. It provides:

"§ 23. In computing net income there shall be allowed as deductions: * * *

"(c) Taxes generally. Taxes paid or accrued within the taxable year."

The question presented, therefore, is: When did the taxes accrue? The defendant contends that the tax accrued on May 1, 1939, and hence the plaintiff merely assumed accrued taxes when it purchased the property. To determine this question, we must look to the statutes of the State of Minnesota and the decisions interpreting them. Magruder v. Supplee, 316 U. S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555; Walsh-McGuire Co. v. Commissioner, 6 Cir., 97 F.2d 983; People v. National Surety Co., 276 U. S. 238, 48 S.Ct. 239, 72 L.Ed. 547; Chicago, M., St. P. & P. R. Co. v. Risty, 276 U.S. 567, 48 S.Ct. 396, 72 L.Ed. 703.

The controlling statute is Section 2191, Mason's Minnesota Statutes 1927. It provides that real estate taxes shall be a lien "from and including May 1 in the year in which they are levied, * * * but, as between grantor and grantee, such liens shall not attach until the first Monday of January of the year next thereafter."

It would appear that, as to the admitted facts herein, the Supreme Court of this State has recently construed the statute referred to and has unequivocally settled the question as to when the tax lien accrues where property is sold during any current year—Spaeth v. Hallam, 211 Minn. 156, 300 N.W. 600—where the court was considering the identical question under the Minnesota Income Tax Act, wherein the language with reference to the deduction of taxes paid or accrued is identical with the Federal Act. May 1st of any year is the determinative date as to the taxability of any land, its valuation for tax purposes, and the date when the lien of the State attaches for the tax ultimately assessed. But it should be noted that this lien is primarily for the State's protection. As stated in Spaeth v. Hallam, at page 157 of 211 Minn., 300 N.W. at page 601:

" * * * May 1 simply happens to be the date as of which in respect to value (and ownership of personal property) they are levied. The processes of assessment and levy are long and complicated. They are incomplete, both practically and legally, until the tax accrues in the sense of becoming payable. That determinative event does not take place until the first Monday of January in the succeeding year."

Moreover, the statute in question has modified the effective date of the lien imposed as between grantor and grantee where property is transferred during any tax year; that is, "as between grantor and grantee, such liens shall not attach until the first Monday of January of the year next thereafter." Section 2191. Under such circumstances, that is, where the real estate is sold during any current year, the purchaser does not pay the taxes as part of the cost of acquiring the property for the obvious reason that, under the law of Minnesota, the grantor sells the property free from any tax lien of the year of the sale. The taxes are not a lien on the property sold until the first Monday of the next January. The taxes, therefore, do not accrue when they are in the ownership of the grantor because of the express provision of the statute. Applying the principles hereinbefore enunciated, the taxes assessed for the year 1939 on the property in question as between the plaintiff and its grantor were not made a lien on this property until 1940, and consequently accrued during the taxpayer's fiscal year ending January 31, 1940. It must follow, therefore, that the payment of the taxes by the taxpayer in 1940 did not constitute a capital expenditure because, under the Minnesota statute, the lien of the taxes did not exist as between the seller and the purchaser and hence was not assumed by the plaintiff as part of the purchase price. These views are completely supported in Spaeth v. Hallam. The facts there were: In September, 1936, Hallam purchased the property in question and took title. The 1936 taxes were not payable until the first Monday in January, 1937. Hallam paid the taxes in 1937, and in computing the 1936 State income tax, took deduction for such payment. The Income Tax Act of Minnesota, providing for deductions where taxes have been paid, is identical with Section 23 (c) of the Internal Revenue Code, to wit, "taxes paid or accrued within the taxable year." In commenting upon the State's position that the 1936 real estate taxes paid by Hallam "were a part of what he had to pay to get unencumbered title and, hence, really a part of the purchase price and a capital expenditure," (211 Minn. at page 156, 300 N.W. at page 600) the court stated (211 Minn. at page 157, 300 N.W. at page 600):

"The argument is that, inasmuch as under 1 Mason Minn.St.1927, § 2191, taxes on real estate are a lien in favor of the state 'from and including May 1 in the year in which they are levied,' respondent took title subject to that lien. Section 2191, after declaring the lien and that it shall continue until the taxes are paid, concludes thus: 'but, as between grantor and grantee, such lien shall not attach until the first Monday of January of the year next thereafter.' So, too plainly for argument, the state's lien for the 1936 taxes was not an encumbrance 'as between grantor and grantee' upon the real estate purchased by respondent in September of that year."

■ It is contended that Spaeth v. Hallam is contrary to the decisions of this Circuit in Lifson v. Commissioner, 8 Cir., 98 F. 2d 508, and Merchants Bank Bldg. Co. v. Helvering, 8 Cir., 84 F.2d 478, and it is urged that this Court must follow the decisions of this Circuit. Certainly, this Court is bound by the decisions of this Circuit with respect to questions which may arise under the Federal income tax statutes. However, we are construing a Minnesota statute, and it would seem that the decisions of the Minnesota court should control where a construction of its statutes are involved, even though the ultimate question to be determined is one which arises out of the Federal income tax act. It may be observed that both of the cases referred to were decided before Spaeth v. Hallam. Merchants Bank Bldg. Co. v. Helvering is not apposite in that the deduction there pertained to the 1928 tax by a taxpayer who did not acquire the property until the year 1929. True, there may be conflict between the Spaeth case and some of the reasoning of the court in support of the conclusions reached in the Lifson case. In the Lifson case, it appears that the property involved was under foreclosure. It was bid in on foreclosure sale on October 7, 1932, by the mortgagee. On August 16, 1933, one Sophie Lifson purchased the sheriff's certificate on mortgage foreclosure sale. The time to redeem expired on October 7, 1933. The purchaser went into possession on October 16, 1933. She paid the 1933 taxes in 1934 and sought to be allowed a deduction for such payment, which the Commissioner refused and his ruling was upheld, the court stating (at page 510 of 98 F.2d):

"When one purchases land which is subject to a lien for taxes, the subsequent payment of those taxes by the purchaser does not constitute an allowable deduction from gross income, for the reason that the taxes accrued while the land was in other ownership and the payment of them is merely a payment of a part of the cost of acquiring the property."

■ It would seem that the principle above quoted is not pertinent herein. By specific statutory provision, this property, when acquired by this plaintiff, was not subject to a lien for the 1939 taxes. A reading of the Lifson decision indicates that the court made no reference to the provision of the Minnesota statute relied on in Spaeth v. Hallam with respect to the effective date of the lien as between the grantor and grantee. The court simply concluded that, under the Minnesota statute, the taxes for 1933 became a lien in behalf of the State as of May 1st of that year, and that, when Mrs. Lifson purchased the sheriff's certificate, the lien had accrued and therefore was, in effect, an encumbrance on the property and consequently the payment in 1934 of the 1933 taxes was not a current expense, but a mere capital expenditure. It is possible that the court in the Lifson case concluded that, in the purchase of a sheriff's certificate, the relationship of grantor and grantee does not exist, and therefore the deferring of the lien as between the parties to the transaction did not apply. However that may be, in the instant situation there can be no doubt that plaintiff was a grantee within the meaning of the statute. The transaction herein involved a sale of real property. The plaintiff was the grantee. The consideration instead of money was capital stock. In comparing a comparable statute, the court in Commissioner v. Plestcheeff, 9 Cir., 100 F.2d 62, held a devisee to be a grantee. See also Nicholas & Co. v. United States, 249 U. S. 34, 39 S.Ct. 218, 63 L.Ed. 461. But whatever may have prompted the court to reach the conclusion indicated in the Lifson case, the Supreme Court of this State refused to follow the interpretation apparently given by the Circuit Court to the Minnesota statute, stating (Spaeth v. Hallam, at page 158 of 211 Minn., 300 N.W. at page 601):

"Minnesota real estate taxes operate exclusively in rem. Our statutes impose no personal obligation upon anyone to pay them. It is therefore essential to determine when a real estate tax accrues, not only in the sense of being secured by a lien in favor of the state, but also in the sense of becoming a liquidated, fixed, and payable demand.

784

True, as held in Lifson v. Commissioner of Internal Revenue, 8 Cir., 98 F.2d 508, the lien, as distinguished from the tax, accrues as of May 1 in the sense that it then attaches to the land. But we cannot agree that the accrual of the lien, rather than the accrual of the tax as a fixed and liquidated demand, is decisive for the purpose of determining whether, when the tax is paid, it is to be considered as capital expenditure or current expense.

"* * * The statutory postponement of accrual of a real estate tax as a fixed and liquidated demand, and the postponement of both right and opportunity for payment to the first Monday of January in the year succeeding that in which the state's lien takes effect, are significant. When coupled as they are with the explicit postponement of the lien as between vendor and vendee to the time when the tax accrues in the sense of becoming payable, the whole seems to us to make this decision inescapable."

■ Regardless of whether the State Supreme Court or this Circuit is correct in discussing the effect of the lien of the State as of May 1st in determining when taxes accrue, there is no language in the Lifson case which assumes to interpret the provision of the statute postponing the effective date of a tax lien as between grantor and grantee. We are concerned in this proceeding with the time the taxes accrued, primarily because it is the Government's position that plaintiff merely assumed a capital expenditure in the 1939 taxes when it obtained the property. The question, therefore, is a practical one, and a construction of the statute which will result in a palpable injustice is to be avoided. True, in a sense real estate taxes are accruing from month to month as a burden to any particular real property, and when one pays income taxes on an accrual basis, he can rightfully assert that the taxes which are not payable until the January of the year following have accrued notwithstanding during the year for which they were assessed so as to justify deduction of such taxes as a current expense for that year. The lien of the State as of May 1st may support the position of the taxpayer under that situation. But because of the deferring of the lien as between grantor and grantee where property has been transferred during any year, an entirely different situation is presented. Under such circumstances, *an accrual of the tax lien* for that year is postponed until the first Monday in January of the year following. That is, the Legislature has determined that the burden of the tax falls on the grantee. Under the facts of this case, therefore, the retroactive lien of the State which accrues on May 1st is not, under the language of the statute, controlling as to whether the eventual payment of the taxes is a capital expenditure or a current expense.

Any other construction of the Minnesota statute would lead to a manifest injustice. For instance, under a sale in this State involving real estate, a grantee gets no credit on the purchase price for the assumption of the tax which the State will eventually assess in a fixed amount for the year of the purchase. As a practical matter, such real estate tax does not enter into the computation of the price to be paid for the property; it is not treated as a lien or an encumbrance. The statute clearly states that, as between grantor and grantee, the taxes for that year do not become a lien. If there is a lien of a mortgage, for instance, on the property, or a mechanic's lien, or any other type of an encumbrance, a purchaser would be assumed to have paid the reasonable market value less such encumbrance. Consequently, when the encumbrance was paid, it would follow that the purchaser was simply effecting a capital expenditure and not a current expense. However, if the Government's position herein is upheld, we not only would fail to recognize the teachings and directions of the statute, but the realities of the situation as well would be ignored. Under the Government's theory, the tax herein would be called a capital expenditure when, under the statute and the "long prevailing practice in Minnesota," the contrary is true. The construction urged by the plaintiff is not only consonant with the purposes of the Internal Revenue Act, but it is equitable and fair as to both the Government and the taxpayer. It is also in accord with the views of the Circuit Court in Commissioner v. Plestcheeff, supra, and Commissioner v. Patrick Cudahy Family Co., 7 Cir., 102 F.2d 930, where similar state taxing statutes were analyzed.

■ It is the Court's opinion, therefore, that whether the taxes accrued in 1939 is controlled by the Minnesota statute. The interpretation given to that statute by the Minnesota Supreme Court and the plain intent of the statute requires a finding under the facts herein that the taxes did not accrue until the first Monday in January,

1940. The deduction taken, therefore, by the taxpayer in its return for the period from August, 1939, to January 31, 1940, was proper, and the Commissioner erred in ruling to the contrary.

Findings of fact and conclusions of law in harmony herewith may be presented on five days' notice. An exception is allowed to the defendant.