## UNITED STATES v. CONSOLIDATED ELEVATOR CO.
### No. 12781.

Circuit Court of Appeals, Eighth Circuit.
April 10, 1944.

Frederic G. Rita, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Robert N. Anderson, and George J. Laikin, Sp. Assts. to the Atty. Gen., and Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for appellant.

D. S. Holmes, of Duluth, Minn. (Holmes, Mayall, Reavill & Neimeyer, of Duluth, Minn., on the brief), for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges:

THOMAS, Circuit Judge.

On August 1, 1939, the Consolidated Elevator Company, a Minnesota corporation, began doing business. On the same date it acquired by purchase from a former owner certain real estate situated in Duluth, Minnesota. In its first income tax return filed April 11, 1940, for the period August 1, 1939, to January 31, 1940, the company deducted the general taxes levied for the calendar year 1939 and payable in 1940 on the real estate so acquired in the amount of $26,417.82. The return was made upon an accrual basis and for a fiscal year ending January 31st. The Commisioner of Internal Revenue disallowed the deduction and assessed additional income taxes in the sum of $5,215.62 with interest. The additional tax was paid, a claim for refund was disallowed, suit to recover the amount paid with interest was brought in the District Court, judgment was entered for the taxpayer, and the United States appeals.

The case was submitted in the District Court upon a Stipulation of Facts, paragraph "7" of which clearly expresses the claims of the parties as follows: "If said real estate taxes for 1939 in the sum of $26,417.82 did not constitute a lawful deduction from gross income for said period August 1, 1939, to January 31, 1940, then said deficiencies and interest were lawful and proper and plaintiff is not entitled to recover herein in any amount whatever. If said real estate taxes for the year 1939 in the sum of $26,417.82 constituted lawful deductions from plaintiff's gross income for said taxable period, then and in such event"

plaintiff is entitled to recover in the amount stipulated.

Section 23 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23, provides that in computing net income there shall be allowed as deductions "(c) * * * Taxes paid or accrued within the taxable year."

The question presented is whether the 1939 taxes on the Minnesota real estate paid in 1940 for which a deduction was claimed by the taxpayer are to be considered a capital expenditure, that is, a part of the purchase price, or as a current expense. In brief, did the payment constitute a "tax paid or accrued" within the meaning of § 23(c)?

To determine the tax burden imposed upon Minnesota real estate or its owners resort must be had to Minnesota law; and to determine the taxpayer's right to deductions and exemptions under § 23(c) we must consult federal law. Morgan v. Commissioner, 309 U.S. 78, 80, 81, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035; United States v. Pelzer, 312 U.S. 399, 402, 61 S.Ct. 659, 85 L.Ed. 913; Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555; Helvering v. Stuart, 317 U.S. 154, 161, 63 S.Ct. 140, 87 L.Ed. 154; Estate of Rogers v. Commissioner, 320 U.S. 410, 414, 64 S.Ct. 172, 88 L.Ed. 148.

Section 1984 of Mason's Minnesota Statutes 1927, provides that all real estate shall be assessed with reference to its value on May 1, preceding the assessment, and the taxes assessed in any year are payable on the first Monday in January of the following year. Section 2191 provides:

"The taxes assessed upon real property shall be a perpetual lien thereon * * * from and including May 1 in the year in which they are levied, until they are paid; but, as between grantor and grantee, such lien shall not attach until the first Monday of January of the year next thereafter."

"Minnesota real estate taxes operate exclusively in rem", and the "statutes impose no personal obligation upon anyone to pay them." Spaeth v. Hallam, 211 Minn. 156, 300 N.W. 600, 601.

It is now settled that whether a purchaser of real estate who pays taxes thereon for the current year may deduct them on his income tax return as "taxes paid or accrued within the taxable year" under § 23(c) depends upon whether a lien for such taxes attached to the real estate before or after the date of purchase. In Magruder v. Supplee, supra [316 U.S. 394, 62 S.Ct.

1165, 86 L.Ed. 1555], the Supreme Court said that "a pre-existing tax lien * * * is sufficient to foreclose a subsequent purchaser, who pays the amount necessary to discharge the tax liability, from deducting such payment as a 'tax paid'." The reason for this rule is stated in the Magruder case as follows:

"A tax lien is an encumbrance upon the land, and payment, subsequent to purchase, to discharge a pre-existing lien is no more the payment of a tax in any proper sense of the word than is a payment to discharge any other encumbrance, for instance a mortgage."

■ This court, called upon to decide a controversy involving a claimed deduction for a tax upon Minnesota real estate acquired by the taxpayer after May 1, said in Lifson v. Commissioner, 8 Cir., 98 F.2d 508, 510: "When one purchases land which is subject to a lien for taxes, the subsequent payment of those taxes by the purchaser does not constitute an allowable deduction from gross income, for the reason that the taxes accrued while the land was in other ownership and the payment of them is merely a payment of a part of the cost of acquiring the property." The rule has been followed also in Merchants' Bank Bldg. Co. v. Helvering, 8 Cir., 84 F.2d 478; Helvering v. Missouri State Life Ins. Co., 8 Cir., 78 F.2d 778; Helvering v. Johnson County Realty Co., 8 Cir., 128 F.2d 716; Falk Corporation v. Commissioner, 7 Cir., 60 F.2d 204; and Walsh-McGuire Co. v. Commissioner, 6 Cir., 97 F.2d 983. It is a general truth that when there is a sale of real estate subject to a lien, whether it be a mortgage lien, a mechanic's lien, or a tax lien, and the burden of such lien falls upon the vendee, the cost to him of removing it is considered a part of the purchase price.

The taxpayer contends that the provision of § 2191 of the Minnesota statute that "as between grantor and grantee, such lien shall not attach until the first Monday of January of the year next thereafter" devests the land purchased of the lien which attached in favor of the state on May 1 and shifts it to the following January, and that for this reason there was no tax lien for any purpose on August 1, 1939, and consequently the 1939 tax was no part of the purchase price. In support of this contention the taxpayer relies upon the decision of the Supreme Court of Minnesota in Spaeth v. Hallam, supra. In that case the court was considering the construction and application of § 13(c) of the Minnesota Income Tax Act, c. 405, General Laws Minn. 1933, which provides, in terms identical with § 23(c) of the Internal Revenue Code, that in computing net income there may be deducted "Taxes paid or accrued within the taxable year." The court there held that when a grantee purchased land in September "He got from the grantor a title which, *between them,* was free from that lien and remained so until the tax became payable on the first Monday of January of the succeeding year." (Italics supplied.) The court concluded, notwithstanding as between the state and every one the taxes "shall be a perpetual lien" from May 1 "until they are paid", that "in such case, the tax should not be considered as any part of the cost of the property to the vendee."

■■ The foregoing conclusion of the Supreme Court of Minnesota, construing the incidence of the Minnesota Income Tax Act, is not binding upon the federal court when applying federal tax laws. In construing the Internal Revenue Code, state law controls "only when the federal taxing act by express language or necessary implication makes its operation dependent upon state law." Lyeth v. Hoey, 305 U.S. 188, 194, 59 S.Ct. 155, 158, 83 L.Ed. 119, 119 A.L.R. 410. If this were not true "federal tax legislation would be the victim of conflicting state decisions on matters relating to local concerns and quite unrelated to the single uniform purpose of federal taxation." Estate of Rogers v. Commissioner, supra [320 U.S. 410, 64 S.Ct. 174, 88 L.Ed. ——]. In Lyeth v. Hoey, supra, the Court of Appeals followed the local (Massachusetts) rule in construing the words "acquired by inheritance" as used in § 22(b)(3) of the Revenue Act of 1932. The Supreme Court reversed, saying "We are not concerned with the peculiarities and special incidences of state taxes or with the policies they reflect. * * * the question whether what the heir has thus received has been 'acquired by inheritance' within the meaning of the federal statute necessarily is a federal question." Likewise the Supreme Court in United States v. Pelzer, supra, refused to follow the local definition of the term "future interest" as used in § 504(b) of the 1932 Revenue Act.

■ The conclusion reached in the Spaeth case, supra, is in direct conflict with the decision of the Supreme Court in the Magruder case, supra, and with the decision of this court in the Lifson case, supra.

The Spaeth case does not hold that the statute devests the land of the tax lien in favor of the state; for the court said further, "True, as held in Lifson v. Commissioner of Internal Revenue, 8 Cir., 98 F.2d 508, the lien, as distinguished from the tax, accrues as of May 1 in the sense that it then attaches to the land." The effect of the grantor-grantee provision of § 2191 of the Minnesota law is made clear by the construction placed upon it in State v. Northwestern Tel. Exch. Co., 80 Minn. 17, 82 N. W. 1090, 1091, where the Supreme Court of the state said, "The lien would apply, so far as the obligation to pay the taxes is concerned, on May 1st; but the grantor would not be held therefor, and the property would be, which condition would or ought to be taken into consideration by the parties (particularly the purchaser) in the transfer of the land." Compare, also, Merle-Smith v. Minnesota Iron Co., 195 Minn. 313, 262 N.W. 865, 866.

The provision of the Minnesota statute that the lien shall not attach as between grantor and grantee until January leaves vendors and vendees at liberty to bargain as to which of them will pay the tax, and does not remove the state's lien for taxes or postpone its attachment. The fact that the land at the time it is purchased is subject to the lien for taxes, even though the taxes are not then payable and the amount of them has not been ascertained, can be, and is no doubt, taken into consideration by the vendors and vendees in agreeing upon the price. This statute by its express terms has reference only to the rights of the grantor and grantee inter sese and not to the rights of the state. Helvering v. Johnson County Realty Co., supra, 128 F.2d at page 717. In effect it says merely that in the absence of an express agreement between the parties the purchaser will be conclusively presumed to have assumed as a part of the purchase price the current taxes on the real estate conveyed. In discharging this assumed obligation the purchaser is not paying taxes imposed upon him within the meaning of § 23(c). See Magruder v. Supplee, supra.

The taxpayer cites Commissioner v. Plestcheeff, 9 Cir., 100 F.2d 62, and Commissioner v. Cudahy Family Co., 7 Cir., 102 F.2d 930, in support of its contention that the attachment of a real estate tax lien is, in grantor-grantee cases, postponed for all purposes within the meaning of the federal law, as well as the state law. Without attempting to distinguish those cases, we think the weight of authority is to the contrary.

The taxpayer argues that to refuse to overrule our decision in the Lifson case and to adopt and apply the conclusion of the Spaeth case is unfair to Minnesota taxpayers. The force and validity of that argument is not apparent. Since the Minnesota law does not interfere with the freedom of contract between vendors and vendees it is difficult to appreciate how the decisions in the Magruder and Lifson cases can operate unfairly or unjustly upon purchasers of real estate in Minnesota. In any event if the federal law may be deemed to work unfairly as suggested, that fact would not per se authorize the federal courts to undertake so to construe the federal statute as to remove the alleged inequity. Such a situation is for Congress, not the courts, to consider. Courts have power to declare the law only; they may not make or amend it. Hale v. Anglim, 9 Cir., 140 F.2d 235, 237.

For the foregoing reasons, the judgment is reversed.