STATE EX REL. ROBERT S. PETTIGREW *v.* ARTHUR R. THOMPSON, TAX COLLECTOR FOR THE TOWN OF WEST HARTFORD

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 4—decided December 2, 1948

*Albert S. Bill,* with whom, on the brief, was *Harrison D. Schofield,* for the appellant (defendant).

*William S. Gordon, Jr.,* with whom was *Mary C. Fitzgerald,* for the appellee (plaintiff).

*Frank W. Flood,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, as amicus curiae.

MALTBIE, C. J.   On this appeal by the defendant from the rendition of a judgment in the nature of a

mandamus, the issue is whether the relator, hereinafter called the plaintiff, a veteran, is entitled to a refund, representing an exemption from taxation, of a part of a tax he paid by reason of the assumption of it on a purchase of real estate. He made his claim under § 281h of the 1945 Supplement to the General Statutes, which reads: "When any person, at the time he acquires equity in real estate, expressly assumes the payment of taxes which are to become payable thereafter, he shall become liable for the payment thereof to the same extent and in the same manner as though such real estate were assessed in his name."

The appeal is taken from a judgment rendered after a motion to quash the alternative writ was denied and the defendant failed to plead further. A motion to quash in a mandamus proceeding is the equivalent of a demurrer in an ordinary action and admits the facts well pleaded in the alternative writ. *State ex. rel. Campo* v. *Osborn,* 126 Conn. 214, 215, 10 A. 2d 687. The admitted facts are: The plaintiff served in the navy of the United States from August 18, 1942, until January 7, 1946, when he was honorably discharged. On or about March 1, 1946, he purchased certain real estate in West Hartford. In the deed he assumed the taxes assessed against the property on the list of October, 1945, which became payable on May 1, 1946. On or about April 20, 1946, he exhibited to the town clerk of West Hartford his honorable discharge and it was recorded in the records of such discharges in the town clerk's office. On or about May 31, 1946, he paid in full the taxes assessed against the property on the list of 1945; he received no credit for an exemption he claimed as a veteran; and he paid the full amount under protest. On or about November 23, 1946, under the provisions of § 400c of the Cumulative Supplement of 1935, he claimed from the defendant tax collector

a refund of the portion of the tax which, had the exemption been allowed, he would not have had to pay, but his demand was refused. In this action he seeks an order that the tax collector certify to the proper officers that he is entitled to a refund in that amount.

Section 1163 (19), as amended by § 158f of the 1941 Supplement, grants, subject to the provisions of §§ 1166 and 1171, an exemption from taxation of property to the amount of $1000 belonging to or held in trust for any resident of this state who has served in the army, navy, marine corps or coast guard of the United States in time of war and received an honorable discharge therefrom or who is serving in these forces. Section 1166 contains a provision that any person entitled to two or more exemptions to veterans shall not receive more than one exemption. Section 1168 requires that any person, to have the benefit of the exemption, shall give notice to the town clerk of the town where he resides and shall exhibit to the town clerk an honorable discharge or a certified copy of it or, in default of it, shall appear before the assessors for examination under oath and present two supporting affidavits of disinterested persons. Section 1171 provides that no person shall receive any exemption under these statutes until he has proved his right to it in accordance with the provisions of § 1168, and further that exemptions so proved shall take effect "on the next succeeding assessment day," with a proviso that if the right is proved on that day or within the period thereafter allowed for filing assessment lists it shall take effect on that assessment day. Because § 158f makes the grant of the exemption subject to the provisions of § 1171, and the latter requires proof in accordance with § 1168, no person can receive a grant under § 158f until he has proved his right to it in accordance with § 1168. Section 400c of the Cumulative Supplement

of 1935 states that any person "who has been unable to receive" the exemption provided in the various statutes granting exemptions to veterans, including § 1163 (19), "within the time limited by . . . section 1171" may, if he has proved his right in accordance with §§ 1168 and 1169 "within one year after the time so limited by section 1171," make application to the collector of taxes for abatement in case the tax has not been paid or a refund of an amount representing the exemption if it has been paid; and the statute goes on to provide the method by which the right to such relief shall be proved and the claim satisfied. The plaintiff bases his claim for a refund upon the provisions of § 400c.

The determinative question is this: Where one would have been entitled to a tax exemption as regards property he owned on the assessment date, can he claim a like exemption as against his liability under § 281h to pay taxes on property he bought subsequent to that date? The answer to that question depends upon the intent of the General Assembly in enacting § 281h, as expressed in the language it has used. The federal income tax law provides that taxes "paid or accrued" are deductible from gross income. 52 Stat. 460, 26 U. S. C. § 23 (c) (1). In December, 1942, the Supreme Court of the United States held that this deduction was allowable only to a person upon whom the tax was imposed. *Magruder* v. *Supplee*, 316 U. S. 394, 396, 62 S. Ct. 1162, 86 L. Ed. 1555. The statute in question before us originated in a bill offered on January 31, 1945, in the house of representatives of the General Assembly at its session in that year. The joint rules of the Assembly required that every bill should be accompanied by a statement of its purpose, and the bill in question as originally offered had below the text of the proposed law the following: "Statement

of purpose: To permit the person owning real estate and paying the taxes thereon to obtain a proper deduction for income tax purposes even though the property was not assessed in his name." In substance this purpose was stated in the journal of the house for the day on which the bill was offered, in noting the presentation of the bill; 1 House Journal, 1945, p. 298; and a similar notation appears in the journal of the senate for the next day, when the bill was received from the house. 1 Senate Journal, 1945, p. 300. The bill was referred to a committee, favorably reported and passed by the house on May 31 and by the senate on June 4. The language of the bill as so reported and as passed was the same as that originally proposed, but the printed copy upon which the legislature acted did not have upon it the statement of purpose appearing on the original.

The defendant and the amicus curiae cite this history of the act to support the contention that the sole purpose of the act was to afford a basis upon which one who assumed and paid taxes upon real estate he purchased might have the benefit of that payment in the calculation of his income tax. The defendant refers also to a statement made by the proponent of the bill before the committee to which it was referred. We have uniformly held that occurrences at such hearings are not admissible as a means of interpreting a legislative act, any more than are the private reasons of individual members for supporting it. *Litchfield* v. *Bridgeport,* 103 Conn. 565, 573, 131 A. 560; *Peck* v. *Fanion,* 124 Conn. 549, 553, 1 A. 2d 143. The reason for that is that it is impossible to tell how far proceedings before a committee or the views of an individual member actually entered into the determination by the legislature to pass a certain law. *Institute of Living* v. *Hartford,* 133 Conn. 258, 265, 50 A. 2d 822. Where

however, a report of a special commission or committee to the governor or General Assembly is presented to it, we consider it upon the assumption that its contents are generally known to the members of that body, at least in determining the general intent of the legislature. *Institute of Living* v. *Hartford,* supra. While in this instance the statement of the purpose of the bill as it appeared upon it very likely did not come to the attention of those members, the entry in the journals of the two bodies was available to them all. We have no doubt that the primary purpose of the bill was that stated on it, to impose upon one who assumed taxes on the purchase of property a direct obligation to pay them, and so to enable the person making the payment to deduct it from his gross income in determining the amount of his federal income tax.

That does not necessarily mean, however, that the intention of the General Assembly is restricted to that purpose. So we turn to a consideration of the effects which will be brought about if the plaintiff's contention is sound and which we must assume the General Assembly would have in mind. Section 281h does not relieve the person who owned property on the assessment date from paying the tax upon the property but adds an obligation on the part of the person assuming the tax. Should the latter be entitled to a deduction from the full amount assessed against the property by reason of the exemption, the tax collector would be bound to collect the amount so deducted from the vendor of the property against whom the assessment was made. The property would, from the assessment date, be subject to a lien for the whole amount of the tax which would take precedence over a transfer of the property. General Statutes, Cum. Sup. 1939, § 337e. The vendor would continue liable for the entire tax and, if the purchaser assumes the tax as a part of the

price of the property, the vendor, to protect his interest, would be obliged to require that the purchaser assume the entire amount of the tax assessed against the former, or allow the deduction from the purchase price only of the amount the veteran would by reason of his exemption be bound to pay. The result would be, should the first course be adopted, that the allowance made to the purchaser in the reduction of his tax would in fact profit him nothing; and, should the second course be followed, the vendor and not the veteran would profit by the exemption. Moreover the land, although owned by the veteran, would be subject to a lien for the whole amount of the taxes assessed, and though he has paid all that would be due from him, had the land been assessed in his name, he would still be under an indirect obligation to pay the balance of the tax assessed against the vendor.

This leads us back to a consideration of the precise language used in § 281h. It provides that, where a purchaser of property "at the time he acquires equity in real estate, expressly assumes the payment of taxes which are to become payable thereafter," he shall be liable for them. In view of the considerations we have suggested, this can reasonably be interpreted to mean only that the purchaser becomes obligated to pay the taxes which the vendor, by reason of his ownership of property on the assessment date, had become bound to pay. In fact, the use of the words, "acquires equity in real estate" suggests that the legislature had in mind the fact that the land in the possession of the veteran would be liable for the full amount of the assessment, for, if the words quoted do not refer to the tax lien, the statute would not in terms apply to a purchase of property otherwise unencumbered. When the statute says that the purchaser shall be liable to pay the tax "to the same extent and in the same manner as though

such real estate were assessed in his name," the legislature could not have intended that a veteran, as a purchaser, should be entitled to reduce the amount he is required to pay by reason of an exemption. Evidently its thought was that the purchaser was to step into the shoes of the vendor against whom the tax was assessed and to be liable to the same extent and in the same manner that he was.

It follows that the plaintiff was not, under the provisions of § 281h, entitled to a reduction in his liability for the tax upon the ground that other statutes would have permitted him to claim a reduction on account of his service in and honorable discharge from the United States navy. We do not need to consider other questions presented upon the record.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.