## MARY B. SULLIVAN *v.* TOWN COUNCIL OF THE TOWN OF WEST HARTFORD ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued February 10—decided March 16, 1956

*Peter B. Sullivan*, for the appellant (plaintiff).

*Valentine J. Sacco*, with whom was *Frank D. Gorman*, for the appellees (defendants Thomson et al.).

*Maurice J. Sponzo*, corporation counsel, appeared for the named defendant but did not argue the cause.

BALDWIN, J. The plaintiff appealed to the Court of Common Pleas from the action of the defendant town council of West Hartford in changing a zone boundary which affected her land. Her appeal was erased from the docket upon motion of the defendants. She appeals now from the judgment rendered upon the granting of the motion.

The facts are not in dispute. The plaintiff owns premises on Park Road, West Hartford. The defendants R. Roy Thomson and The W. W. Thomson Company, Inc., own land on the easterly side of South Main Street near its intersection with Park Road. Their land abuts the plaintiff's land on the south. The properties of the plaintiff and these defendants were in a residence A zone. On February

23, 1955, the town council, at the request of Thomson and the Thomson company, voted to change the boundary of the residence A district so that a portion of their land would be placed in a parking zone. The plaintiff took an appeal to the Court of Common Pleas. Neither the charter of the town of West Hartford nor the special act from which it derives its zoning powers provides for an appeal from the decisions of the town council acting as a zoning commission. The question we have to decide is whether the plaintiff had a right of appeal under § 287c of the 1953 Cumulative Supplement to the General Statutes.

The power to adopt and administer zoning regulations was conferred by the General Assembly for the first time in this state in 1921 by special act applicable only to the city of New Haven. 18 Spec. Laws 1045. Two years later a general statute gave the power to zone to Bridgeport, Norwalk, Waterbury, Stamford, Fairfield, Greenwich, Enfield and West Hartford. Public Acts 1923, c. 279. In 1925 a general enabling act made zoning powers available to cities and towns which chose, by action of their legislative bodies, to exercise such powers. Public Acts 1925, c. 242; see General Statutes, c. 43. In spite of this early legislation bestowing broad zoning powers upon municipalities, many cities and towns have sought and obtained zoning powers by special enactments of the General Assembly applicable only to them. Consequently, two bodies of legislation pertaining to zoning have developed over the years: the one, contained in the General Statutes; the other, conferred by special act and relevant only to the particular city or town in whose behalf the legislation was adopted. These two bodies of statute law differ in many respects, including the right to, and the procedure for, an appeal to the courts from a decision

of a local zoning agency. It is sufficient for the purpose of deciding this case to state the situation with reference to appeals from zoning commissions as it existed in 1953 when the legislation directly concerned herein was adopted.

Section 844 of the General Statutes (as amended, Cum. Sup. 1951, § 160b) provided for an appeal from a decision of a zoning board of appeals to the Court of Common Pleas and set forth the procedure for such an appeal. Section 845 allowed an appeal from a zoning commission to the Court of Common Pleas and stated that the procedure to be followed was that prescribed by § 844. See *Bartram* v. *Zoning Commission,* 136 Conn. 89, 68 A.2d 308. It is assumed that these statutes applied only in the cities and towns˙which had adopted the provisions of the public acts and not to those operating under special legislation.[1] On the other hand, some of the special acts conferring zoning powers contain no provision for an appeal to the courts from the action of the zoning commission. It is conceded that the special act relating to West Hartford does not expressly authorize such an appeal and that West Hartford has not adopted the provisions of chapter 43 of the General Statutes. 19 Spec. Laws 934, as amended by 20 Spec. Laws 188, 22 Spec. Laws 473.

In 1953 the General Assembly adopted an entirely new section relating to appeals. It appears as § 287c of the 1953 Cumulative Supplement. Section 844, as amended by § 160b in a particular of no consequence in this case, became § 286c. Section 845, amended to incorporate a reference to § 286c, became § 288c. The pertinent portions of these three sections are set

---

[1] But see *Mallory* v. *West Hartford,* 138 Conn. 497, 86 A.2d 668, in which an appeal was taken from the town council acting as a zoning commission.

forth in a footnote.[2] The decision of this case hangs upon the legislative intent expressed in § 287c. Did it create a right of appeal from the action of zoning commissions in cities and towns operating under special acts which do not provide for such an appeal? Or did it intend merely to establish uniformity in the procedure of appeals from zoning commissions whether they were allowed under the General Statutes or under special acts?

To find the legislative intent we look at the wording of the statute, its legislative history and its policy. *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 658, 103 A.2d 535; *Cedar Island Improvement Assn.* v. *Clinton Electric Light & Power Co.,* 142 Conn 359, 364, 114 A.2d 535. When the bill which ultimately became §§ 287c and 288c was introduced at the 1953 session of the General Assembly, it was described as an amendment to § 160b and to § 845 "in the interest of uniform procedure." H.B.

[2] "Sec. 286c. APPEALS FROM BOARD TO COURT. Any person or persons severally or jointly aggrieved by any decision of [the zoning board of appeals], or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when such decision shall have been rendered, take an appeal to the court of common pleas of the county in which such municipality shall be located, which appeal shall be made returnable to such court in the same manner as that prescribed for civil actions brought to such court. [The section then outlines the procedure for taking the appeal and includes details which are not essential to the discussion of this case.]

"Sec. 287c. APPEALS PROCEDURE TO APPLY TO ALL MUNICIPALITIES. The provisions of sections 286c and 288c shall apply to appeals from zoning boards of appeals or zoning commissions of any municipality whether or not such municipality has adopted the provisions of this chapter and any provision of any special act, inconsistent with the provisions of said sections, is repealed. (Effective June 24, 1953.)

"Sec. 288c. APPEALS FROM ZONING COMMISSIONS. Appeals from zoning commissions may be taken to the court of common pleas in the manner provided in section 286c. (Effective June 24, 1953.)"

924, 1953 Sess. The statement of purpose read: "To clarify the legislative intent and make uniform appeals throughout the state." The bill was referred to the committee on judiciary. In due course the committee favorably reported for action in the house a substitute for the original bill. The title it bore was "An Act concerning Appeals from Zoning Boards of Appeals and Zoning Commissions." It contained three sections as follows: "Section 1. The provisions of sections 160b of the 1951 supplement to the general statutes and 2 of this act shall apply to appeals from zoning boards of appeals or zoning commissions of any municipality whether or not such municipality has adopted the provisions of chapter 43 of the general statutes, and any provision of any special act, inconsistent with the provisions of said sections, is repealed. Sec. 2. Section 845 of the general statutes is repealed and the following is substituted in lieu thereof: Appeals from zoning commissions may be taken to the court of common pleas in the manner provided in section 160b. Sec. 3. This act shall take effect from its passage." Sub. for H.B. 924, 1953 Sess.

The member who reported the bill on behalf of the judiciary committee first called the attention of the house to the confusion regarding appeals in the cities and towns which had not adopted the general statutes relating to zoning but operated under special acts containing no provision for appeals. He then said: "The proposed bill makes it clear that an appeal is provided from the doings of the zoning commission and the board of zoning appeals regardless of whether there is anything about it in any special act." 5 H.R. Proceedings, pt. 6, p. 2369, 1953 Sess. A statement of similar purport was made when the bill was presented for action in the senate. 5 S. Pro-

ceedings, pt. 5, p. 1596, 1953 Sess. While such statements could not control unequivocal language to the contrary, they are, under the circumstances of this case, strong indications of the legislative intent. *Bird* v. *Plunkett,* 139 Conn. 491, 504, 95 A.2d 71; see *Connecticut Rural Roads Improvement Assn.* v. *Hurley,* 124 Conn. 20, 26, 197 A. 90. The words of § 287c appear reasonably certain in their meaning. When this section is read in the light of its legislative history and policy, it becomes abundantly clear that the legislative intent was to create a right of appeal from every zoning commission in the state regardless of whether the commission was acting under chapter 43 of the General Statutes or under some special act which did not provide for such an appeal, and to make the procedure for taking the appeal uniform in all cases. This construction effectuates a legislative policy of uniformity and clarity, a policy made essential because of the confusion which had ensued from the pattern of general and special legislation relating to zoning which had developed in the state. Section 287c prevails over the provisions, or lack of them, in the special act relating to zoning in West Hartford. *Willard* v. *West Hartford,* 135 Conn. 303, 306, 63 A.2d 847.

The defendants point to *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160, in which we held that an appeal from the zoning commission of Stamford should be dismissed for lack of jurisdiction because neither the charter of Stamford nor the General Statutes at that time provided for such an appeal. That case is not controlling in the one at bar. The appeal was taken and the case was decided in the Court of Common Pleas before the enactment of § 287c on June 24, 1953. A-320 Rec. & Briefs, back of p. 34; Public Acts 1953, No. 458.

Argument is made that the General Assembly could not have intended that §§ 287c and 288c should confer a right of appeal where none had existed and, at the same session, six days later, on June 30, 1953, approve an amendment to the Stamford charter permitting a right of appeal. 26 Spec. Laws 1238, § 556. It is true that such action could be indicative of a legislative intent that § 287c should not confer a new right of appeal generally, because no statutory provision should be regarded as superfluous. *State* v. *Cambria*, 137 Conn. 604, 610, 80 A.2d 516. The action of the legislature might be explained on the basis of the peculiar provisions of the Stamford charter concerning zoning, making special legislative authorization of an appeal desirable; but that aside, the reasons in favor of the construction we have given outweigh this argument against it.

The defendants also point to the statement of purpose contained in the bill which later became §§ 287c and 288c when it was introduced in the legislature as indicative of the legislative intent. It does not necessarily follow, however, that the legislature is restricted to that purpose. *State ex rel. Pettigrew* v. *Thompson*, 135 Conn. 228, 234, 63 A.2d 154. Furthermore, the statement of purpose which the bill then contained is not altogether at variance with the construction which we have accorded the legislation. In fact, it can be said with some force that the meaning which the defendants give to the language used in the statement of purpose is unduly restrictive and does not afford to it its full import.

The defendants claim that the title of § 287c furnishes the real key to the legislative intent. The titles of legislation are often valuable aids to construction. *Cedar Island Improvement Assn.* v. *Clinton Electric Light & Power Co.*, 142 Conn. 359,

370, 114 A.2d 535. But they are by no means conclusive. *Mad River Co.* v. *Wolcott,* 137 Conn. 680, 687, 81 A.2d 119. What is significant in this case is the title of the bill when it was acted upon by the legislature. *State* v. *Muolo,* 119 Conn. 323, 330, 176 A. 401. It was then called "An Act concerning Appeals from Zoning Boards of Appeals and Zoning Commissions." Public Acts 1953, No. 458. This title is the final, and therefore the controlling, one. The defendants urge that the 1953 Cumulative Supplement labels § 287c as "Appeals procedure to apply to all municipalities," thus indicating that it deals with procedure only. This appellation was given by the legislative commissioner in the preparation of the supplement. General Statutes § 3526. It represents only his, and not the legislature's designation of the section. The legislative designation is contained in the official publication of bills enacted by the General Assembly.

The defendants press a further claim that § 287c deals with appeals from "zoning commissions" and that the appeal in the instant case is from the action of the town council of West Hartford. There is in West Hartford a town plan and zoning commission which has advisory powers only. 19 Spec. Laws 935, § 6. It is difficult to believe that § 287c intended to provide for an appeal from this advisory agency. The special act pertaining to the town of West Hartford which confers the power to zone establishes the town council as the zoning commission. 19 Spec. Laws 934, § 1 et seq. It confides to this council in almost identical language the zoning powers which General Statutes, § 837, gave to zoning commissions. When the town council of West Hartford exercises its zoning powers, it acts, in effect if not in name, as a zoning commission. The term "zoning com-

missions" in § 287c is a term of general application and refers to the particular local agency which exercises in the first instance the power to adopt zoning regulations.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to erase.

In this opinion the other judges concurred.