MILTON L. GRAHM AND EDITH L. GRAHM, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

IRA GERLER AND SELMA L. GERLER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HAROLD SINGER AND ESTHER L. SINGER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 50865–50867. Filed May 23, 1956.

*Harold Singer, Esq.*, for the petitioners.
*Thomas G. Smiley, Esq.*, for the respondent.

#### OPINION.

RAUM, *Judge:* Respondent has determined deficiencies in income taxes of petitioners as follows:

| Petitioners | Calendar year | Amount |
|---|---|---|
| Milton L. and Edith L. Grahm | 1949 | $3, 827. 98 |
| | 1950 | 115. 08 |
| Ira and Selma L. Gerler | 1949 | 4, 387. 78 |
| | 1950 | 128. 62 |
| Harold and Esther L. Singer | 1949 | 5, 687. 30 |
| | 1950 | 199. 70 |

The sole issue is whether petitioners are entitled to deduct under section 23 (c) of the Internal Revenue Code of 1939 pro rata parts of certain real estate taxes paid by a partnership consisting of the three wives. The deficiencies with respect to the taxable year 1949 are in dispute only insofar as they relate to the payment of such taxes,

and the deficiencies with respect to the taxable year 1950 are not in dispute, except insofar as they may be affected by a decision with respect to the year 1949.

The facts have been stipulated. Petitioners in each of the three cases are husband and wife. They reside in Massachusetts and filed their Federal joint income tax returns in question with the then collector of internal revenue for the district of Massachusetts.

The wives, petitioners Edith L. Grahm, Selma L. Gerler, and Esther L. Singer, acquired equal one-third interests in real estate located in Bridgeport, Connecticut, on November 1, 1948. Title was held in the name of a partnership known as the Newton Rent Account, in which each of the women owned an equal one-third interest.

The real estate taxes in question were levied on the preceding owner as of October 1, 1948, and became a lien on the property on that date. They covered the fiscal year beginning April 1, 1949, and were payable in semiannual installments on April 1 and September 1, 1949. The assessment appeared on the Bridgeport 1948 "Grand List," which "was levied on the ownership of Real and Personal Property owned on October 1, 1948." [1]

Thus, when the property was acquired by the partnership on November 1, 1948, the real estate taxes had already become a lien on the property, and the preceding owner was personally liable for payment. However, the grantees, in the deed of conveyance, expressly assumed and agreed to pay all taxes levied or assessed upon the property subsequent to September 1, 1948. Pursuant to that agreement, Newton Rent Account, in April and August of 1949, paid the real estate taxes, in the amount of $31,955.82, which had been assessed as of October 1, 1948, and which had become a lien on that date.

Newton Rent Account filed a partnership return for its fiscal year ending October 31, 1949, claiming a deduction with respect to the real estate taxes, and each partner, in the return filed jointly with her husband, claimed a deduction in the amount of one-third thereof, which the Commissioner disallowed.

Petitioners rely upon section 23 (c) (1) of the Internal Revenue Code of 1939 which allows a deduction for "Taxes paid or accrued within the taxable year." Regulations 111, section 29.23 (c) (1), construing the statute, provide that "In general taxes are deductible only by the person upon whom they are imposed." Such provisions have been treated as a correct interpretation of section 23 (c), and it therefore becomes necessary to look to local law to determine upon whom the taxes are imposed. *Magruder* v. *Supplee*, 316 U. S. 394.

---

[1] The abstract of the list was filed with the town clerk on January 28, 1949, and the tax rate was set by the Board of Apportionment and Taxation on February 22, 1949.

Accordingly, if a lien has attached under local law prior to sale, the payment of the tax by the purchaser is regarded merely as part of the purchase price. As was said in *Magruder* v. *Supplee, supra,* at p. 398, "A tax lien is an encumbrance upon the land, and payment, subsequent to purchase, to discharge a pre-existing lien is no more the payment of a tax in a proper sense of the word than is a payment to discharge any other encumbrance, for instance a mortgage." The Court quoted with approval (p. 398) Judge Parker's dissenting opinion in *Commissioner* v. *Rust's Estate,* 116 F. 2d 636, 641 (C. A. 4), to the effect that "after the lien attaches and the taxing authority becomes pro tanto an owner of an interest in the property, payment of the tax by a purchaser is nothing but a part of the payment for unencumbered title." And the Court pointed out further that (p. 399) "either a pre-existing tax lien or personal liability for the taxes on the part of a vendor is sufficient to foreclose a subsequent purchaser, who pays the amount necessary to discharge the tax liability, from deducting such payment as a 'tax paid.'" See also *Gilken Corporation* v. *Commissioner,* 176 F. 2d 141 (C. A. 6); *United States* v. *Consolidated Elevator Co.,* 141 F. 2d 791 (C. A. 8); *Lifson* v. *Commissioner,* 98 F. 2d 508 (C. A. 8); *Falk Corporation* v. *Commissioner,* 60 F. 2d 204 (C. A. 7).

Petitioners seek to overcome the force of the foregoing authority by reliance upon a provision of Connecticut law which was added to the statutes of that State in 1945, namely, chapter 86, section 1744, of the General Statutes of Connecticut (1949), which reads as follows:

Sec. 1744. Obligation of purchaser of real estate assuming payment of taxes. When any person, at the time he acquires equity in real estate, expressly assumes the payment of taxes which are to become payable thereafter, he shall become liable for the payment thereof to the same extent and in the same manner as though such real estate were assessed in his name.

Since petitioners expressly agreed to pay taxes assessed after September 30, 1948, these provisions are brought into play. But do they have the effect of rendering the rule of *Magruder* v. *Supplee* inapplicable? We think not.

These provisions in no way released the prior owner from liability, nor did they in any way affect the lien which attached to the property prior to the time it was acquired by petitioners. All that these provisions did was to give the State a remedy against the purchasers who expressly agreed to assume the taxes. It is clear that in Connecticut the tax here was assessed only once, on October 1, 1948, and only against the former owner, who held title on that date. He and he alone was liable for the tax, and a lien arose on the same day. When petitioners assumed payment of the amount due, they also became liable for its payment, but their liability arose from their voluntary act. Cf. *Falk Corporation* v. *Commissioner,* 60 F. 2d 204, 206 (C. A.

7). The State statute merely makes available the machinery for collection from a vendee who has voluntarily agreed to discharge the tax burden imposed upon his predecessor. It does not impose a tax upon the vendee, and the basic tax liability remains that of the vendor. This is abundantly clear from *State ex rel Pettigrew* v. *Thompson*, 135 Conn. 228, 63 A. 2d 154, which considered the Connecticut statute and outlined its history and purpose. Although the statute was apparently formulated with a view to facilitating a vendee's attempt to get around the rule of *Magruder* v. *Supplee*, it must fail in that effort unless it actually imposes the tax upon the vendee. We do not so read the statute. The tax is still imposed upon the vendor, notwithstanding the creation of a new statutory remedy against the vendee with respect to a liability voluntarily assumed by the latter. In this respect, we think that the Connecticut statute cannot alter the rule of *Magruder* v. *Supplee* any more than could the Minnesota statute considered in *United States* v. *Consolidated Elevator Co.*, 141 F. 2d 791 (C. A. 8).

*Decisions will be entered for the respondent.*