[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Ernest Corriveau and Martha Corriveau, have applied for an order to compel the defendant, Aetna Casualty 
Surety Company ("Aetna"), to proceed with arbitration as to the plaintiff's claim for additional payments for damages arising from a fire at their home on December 17, 1989. Aetna takes the position that the entire loss was the subject of an appraisal proceeding that concluded with an award to the plaintiffs issued on December 31, 1990. The plaintiffs take the position that the appraisal proceeding did not include a consideration of and award for three types of coverages provided by the fire insurance policy issued to them by Aetna:
 1. additional living expenses from the time of the fire to the time the house was repaired and habitable
2. replacement cost damages as to the dwelling
3. replacement cost damages as to the contents
The court finds the facts to be as follows.
The Aetna fire insurance policy that covered the plaintiffs' fire loss provided that the level of coverage for the dwelling CT Page 9488 and garage was replacement cost (as opposed to actual cost value). The coverage specified as to contents was also replacement cost, pursuant to an endorsement secured by the plaintiffs for an additional premium. The policy included "additional living expenses," defined as "any necessary increase in living expenses incurred by [the insured] so that your household can maintain its normal standard of living . . . for the shortest time required to repair or replace the premises. . . ." if the residence was rendered uninhabitable.
The policy provides that in case of a disagreement between the insurer and the insured as to the amount of the loss, either can demand that the amount of loss be set by appraisal. (Ex. A, pg. 12). The appraisal process, which the parties agree is the legal equivalent of an arbitration, specifies that the insurer and insured shall each appoint an appraiser and the two appraisers shall then select an umpire. The amount agreed to by any two of the three is the amount of the loss.
The policy terms require the insured to submit within sixty days of a request by the insurer specifications of damage to the building and detailed estimate for repair, an inventory of damaged personal property, and receipts for additional living expenses incurred.
In June of 1990, the plaintiffs submitted to Aetna an Agreement for Submission to Appraiser and named David Kronberg as their appraiser. This submission identified the following issues as having been submitted for appraisal: ". . . the amount of the loss or damage to the following property: Dwelling and Additional Living Expenses defined as insured in the policy . . ." including
1. The replacement cost of "said property", defined as the actual cost of replacing the property at the place of and immediately prior to the fire.
2. The replacement costs of replacing damaged property. The court construes this term as relating to the contents of the insured premises.
The submission states that the appraisers are to state in writing separately 1) replacement cost, 2) replacement cost damages, and 3) sound value loss and damages. (Sound value is defined in the submission as the actual cash value of the property immediately prior to the fire). CT Page 9489
The scope of the matter to be decided by the arbitrators is determined by the text of the submission. Board of Police Commissioners v. Maher, 171 Conn. 613, 621 (1976).
The appraisal process was delayed because the plaintiffs objected to Aetna's choice of appraisers.
Approximately six months after the filing of the submission, an appraisal report was issued by two of the appraisers, Mr. Kronberg, who had been appointed by the plaintiffs, and the umpire. The report states that the appraisers determined the replacement cost damage to be $179,512, the loss of use to be nine months, and the cost of temporary repairs to be $5,750.
As to additional living expenses, which they termed "loss of use", the appraisers stated that "we have been presented with insufficient information to make that determination and find conflicting information wherein determination is not within the confines of ascertainment of `loss and damage.'"
Aetna filed an application to confirm the award, Aetna Casualty Surety Company et al v. Ernest Corriveau, et al., CV91-0702063 (J.D. of Hartford/New Britain at Hartford). The present plaintiffs objected that the appraisers had failed to make any award for loss of use, however they did not file an application to vacate the appraisal for failure to complete the allotted task pursuant to 52-418(a)(4) C.G.S. The court, O'Neill, J., granted the application to confirm the award, and the present plaintiffs filed no appeal from that order. The court has inspected the file in the Hartford case.
Scrutiny of the submission and the award confirm that the plaintiffs have already been afforded an appraisal proceeding as to the replacement cost and replacement cost damages in connection with their fire loss.
They also submitted their claim for loss of use. While they now claim that they limited that submission to the loss of use between the time of the fire and the time of the appraisal, the submission (Ex. B) contains no such limitation. It was the task of the appraisers to assess and make an award for the full loss of use as defined in the policy. Since they failed to do so, the plaintiffs' remedy was to move to vacate the award pursuant to52-418(a)(4) C.G.S. Having failed to do this within the thirty CT Page 9490 days allowed pursuant to 52-420 C.G.S., they cannot now seek a second appraisal proceeding to adjudicate matters which they submitted, but failed to prove, at the initial proceeding.
The plaintiffs claim that they are entitled to a second appraisal proceeding because of their impression that they were not allowed to present their claim at the first proceeding.
Procedural objections to the appraisal should likewise have been raised in timely fashion pursuant to 52-418 and -420 C.G.S.
The submission does not limit the issues to the losses sustained up to the date of the arbitration. Rather, the plaintiffs submitted all of the issues as to which they now seek an appraisal to the appraisers in the proceeding that concluded on December 27, 1990. The court rejects their argument that prospective living expenses and replacement costs were unknowable until they had actually been paid. Costs of replacement can clearly be proved by estimates from contractors, and living expenses can be proved by extrapolation from expenses at the time of the appraisal. The plaintiffs' own appraiser joined in the conclusion that proof was not presented as to the amount of additional living expenses. (Ex. C).
The plaintiffs have not established that any aspect of their claim of loss was not submitted to the appraisers who issued a binding award on December 27, 1990. A determination of arbitrability must be made on the basis of the scope of the parties' agreement to arbitrate. Lane v. Aetna Casualty Surety Co.,203 Conn. 258, 266 (1987); Security Insurance Co. of Hartford v. DeLaurentis, 202 Conn. 178, 187 (1987). The arbitration/appraisal agreement in the insurance contract at issue does not provide for multiple proceedings but affords one opportunity to obtain a binding appraisal as to the amount of the loss. The submission was not limited but, by its terms, sought a valuation of the entire loss.
If there were procedural issues concerning the adequacy of the appraisal proceeding, see East Hartford v. East Hartford Municipal Employees Union, Inc., 206 Conn. 643, 648-49 (1988), they should have been raised within thirty days of the award, pursuant to 52-420 C.G.S.
Where an application to confirm an arbitration award has been granted, a motion to reopen must be filed within four CT Page 9491 months. Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707,710 (1983). Neither a motion to reopen nor an appeal was timely filed after Judge O'Neill's order confirming the award, and the court finds that the plaintiffs may not, in the guise of bringing a new application, open an arbitration proceeding to which they submitted all of their claims.
The application to compel arbitration is denied.
Beverly J. Hodgson Judge of the Superior Court