[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS AND MOTION TO STAY OF DEFENDANT TOWN OF BETHEL
CT Page 2460
INTRODUCTION
This action concerns an arbitration provision (the "arbitration clause") in a contract (the "contract") between the plaintiff ("Pozzi"), an architectural firm, and the defendant Town of Bethel ("Town") for the provision of architectural services by Pozzi to the Town. In the complaint Pozzi seeks to enjoin an arbitration initiated by the Town, and the particular matters before the court are the motion to dismiss filed by the Town and, if that motion is denied, the motion to stay these proceedings which was also filed by the Town.
Although American Arbitration Association ("AAA") is a named defendant in this action, no appearance has been filed on its behalf. Accordingly, Pozzi and the Town are sometimes hereinafter referred to, collectively, as the "parties."
FACTS
For the purposes of the Town's motion to dismiss, the allegations of the complaint which are material to the motion to dismiss are taken to be true and are hereinafter characterized as facts. Those facts are:
 1. The contract is dated October 28, 1988, and calls for Pozzi to provide architectural services to the Town in connection with the construction of a school;
2. The arbitration clause states, inter alia:
 All claims, disputes and other matters in question between the parties to this Agreement arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. and,
 3. On June 3, 1998, the Town filed a demand for arbitration with AAA seeking damages from Pozzi in connection with Pozzi's services under the contract.
POZZI'S LEGAL CLAIMS
CT Page 2461
Pozzi asserts that:
 1. The Town's claims are barred by the applicable statute of limitations and by the doctrine of laches; and
 2. Pursuant to the arbitration clause, only the court, and not an arbitrator, can hear and decide the question of whether Pozzi's statute of limitations and laches defenses (hereinafter, collectively, the "defenses") are arbitrable.
DISCUSSION
Pozzi raises two distinct issues of arbitrability. The first is whether the arbitration clause entrusts to an arbitrator, or to a court, the authority to decide which forum will determine the arbitrability of the defenses. For purposes of clarity, that issue is hereinafter sometimes referred to as the "forum question." Once the forum question has been answered with a designation of either the court or an arbitrator as the appropriate forum to decide the arbitrability of the defenses, the designated forum must then perform that duty. Stated differently, a determination of the merits of the defenses must be deferred until both of the following steps have been taken:
 1. This court has designated either itself or an arbitration proceeding as the forum in which the arbitrability of the defenses will be decided; and
 2. The designated forum decides whether the defenses are arbitrable under the arbitration clause and thereupon designates either an arbitration proceeding or a court as the authority to decide the merits of the defenses.
 The Forum Question
The most recent appellate articulation of Connecticut law on the issue of which forum, court or arbitration proceeding, is the appropriate one to decide questions of arbitrability is Scinto v.Sosin, 51 Conn. App. 222 (1998). In Scinto, the court said:
The law in Connecticut is clear. Whether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question, also. Whether the parties CT Page 2462 intended to submit the issue of arbitrability, as well as the merits of a claim, to an arbitrator clearly depends on the parties' intent. Whether the parties intended to arbitrate the issue of arbitrability may be determined from an express provision to that effect or from the use of broad terms. Unless the agreement shows such intent, the determination of the question of arbitrability remains a function of the court. (Citations and internal quotation marks omitted.)
Id., 227-28.
Paraphrased, Scinto says that a court is to decide issues of arbitrability, unless an agreement to arbitrate expresses a contrary intent. In so saying, the Appellate Court followed the directive of the Supreme Court in Welch Group, Inc. v. CreativeDrywall. Inc., 215 Conn. 464, (1990), where the court said, "We conclude that arbitrability, absent the parties' clear agreement to the contrary, is a factual question to be determined by the trial court." Id., 465.
The Scinto court quoted the arbitration provision before it as follows:
 Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, except controversies or Claims relating to aesthetic effect and except those waived as provided for in Subparagraph 4.3.5. (Internal quotation marks omitted.)
Id., 226.
In Scinto, the operative arbitration language was "arising out of or related to the contract, or the breach thereof," while in this case the operative arbitration language is "arising out of or relating to this Agreement or the breach thereof." The operative language of the two agreements being, for these purposes, essentially identical, the court concludes, as did theScinto court, that the arbitration clause does not express an intent that issues of arbitrability are to be decided by an CT Page 2463 arbitrator. Accordingly, it is held that under the arbitration clause, the court, and not an arbitrator, will decide whether the defenses are arbitrable.
Arbitrability of Defenses
The forum question having been resolved with the designation of the court as the appropriate forum for determination of the arbitrability of the defenses, the court must now decide whether the defenses are arbitrable. In Board of Education v. Frey,174 Conn. 578 (1978), the Supreme Court said:
 In has now been clearly established that the Warrior
"positive assurance" test is the law in Connecticut. Policemen's Firemen's Retirement Board v. Sullivan,
supra, 7, 376 A.2d 399; Board of Police Commissioners v. Maher, 171 Conn. 613, 621, 370 A.2d 1076 (1976). Under the positive assurance test, "judicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance . . . An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." (Emphasis added.) United Steelworkers of America v. Warrior Gulf Navigation Co. supra, 363 U.S. 582-83, 80 S.Ct. 1353.
Id., 582.
A close reading of the arbitration clause does not permit the court to say, with positive assurance, that issues of the timeliness of filing claims, such as those raised by the defenses, were intended by the parties to be excluded from the scope of their agreement to arbitrate. It is therefore held that the defenses are arbitrable and must be heard and decided in an arbitration proceeding.
CONCLUSION
The court having decided that the issues raised in the defenses are arbitrable, Pozzi cannot prevail in its attempts to enjoin arbitration of the disputes between the parties. Because the court has decided that an arbitration proceeding is the forum CT Page 2464 in which the merits of the defenses will be determined, the town's motion to stay this proceeding is moot and will not be addressed.
While the Town has raised the issues discussed above in a motion entitled Motion to Dismiss, the court concludes that those issues do not go to the jurisdiction of the court to hear and decide Pozzi's application for injunctive relief. Rather those issues go to whether the court should grant injunctive relief. Citing Bailey v. Mars, 138 Conn. 593 (1952), the Supreme Court said, in the recent case of Amodio v. Amodio, 247 Conn. 724
(1999):
 The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised.
Id., 728
While a motion to dismiss, which attacks jurisdiction, is not an appropriate vehicle for raising the arbitrability questions discussed above, the parties have, nonetheless, fully briefed and argued (in two separate appearances before the court) the substance of those questions, accordingly, and in the interest of judicial economy, the court is treating the Town's motion to dismiss as a motion for summary judgment. For purposes of this decision, all facts pleaded by Pozzi which are material to this decision have been taken to be true. Therefore, if the Town's motion had been originally denominated a motion for summary judgment, fact affidavits from the parties would not have presented the issues discussed above any more clearly. For those reasons, it does not appear that either party is prejudiced by the court's treating the Town's motion to dismiss as a motion for summary judgment. Nonetheless, if either party objects to he court's doing so, it may file such an objection with the clerk within the ten calendar days immediately following the mailing of a copy of this decision to counsel by the clerk.
If no such objection is received with said period, then the parties will be deemed to have consented to the court's treating the Town's motion to dismiss as a motion for summary judgment, and on the eleventh calendar day after said mailing, summary judgment shall enter in favor of the Town. If such an objection is received by the clerk within said period, then the Town's motion to dismiss will be immediately denied and the Town will be CT Page 2465 free to move for summary judgment.
G. Levine, J.