[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT TOWN OF BETHEL
INTRODUCTION
This action concerns an arbitration provision (the "arbitration clause") in a contract (the "contract") between the plaintiff ("Pozzi"), an architectural firm, and the defendant CT Page 6107 Town of Bethel ("Town") for the provision of architectural services by Pozzi to the Town. After the Town initiated an arbitration (the `arbitration') concerning its claim for damages against Pozzi for breach of the contract, Pozzi began this action to enjoin the arbitration on the ground that the arbitration clause reserves to a court the exclusive authority to hear and decide Pozzi's arguments that the Town's claims against it are barred by the applicable statute of limitations and by laches (the "defenses"). The matter before the court is a motion for summary judgment filed by the Town.
Although American Arbitration Association ("AAA") is a named defendant in this action, no appearance has been filed on its behalf. Accordingly, Pozzi and the Town are sometimes hereinafter referred to, collectively, as the "parties."
FACTS
There are no factual disputes between the parties, and counsel have stipulated that the decision on this motion can be based solely on the language of the arbitration clause, which follows:
 All claims, disputes and other matters in question between the parties to this Agreement arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.
DISCUSSION
Because there are no issues of fact material to this motion, the question is whether, as a matter of law, the arbitration clause precludes an arbitrator from deciding the validity of the defenses.
The motion raises two distinct issues of arbitrability. The first is whether the arbitration clause entrusts to an arbitrator, or to a court, the authority to decide which forum will determine the arbitrability of the defenses. For purposes of clarity, that issue is hereinafter sometimes referred to as the "forum question." Once the forum question has been answered with a designation of either the court or an arbitrator as the appropriate forum to decide the arbitrability of the defenses, CT Page 6108 the designated forum must then perform that duty. Stated differently, a determination of the merits of the defenses must be deferred until both of the following steps have been taken:
 1. This court has designated either itself or an arbitration proceeding as the forum in which the arbitrability of the defenses will be decided; and
 2. The designated forum has decided whether the defenses are arbitrable under the arbitration clause and has designated either the arbitrator in the arbitration, or a court, as the authority to decide the merits of the defenses.
 The Forum Ouestion
The most recent appellate articulation of Connecticut law on the issue of which forum, court or arbitration proceeding, is the appropriate one to decide questions of arbitrability is Scinto v.Sosin, 51 Conn. App. 222 (1998). In Scinto, the court said:
 The law in Connecticut is clear. Whether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question, also. Whether the parties intended to submit the issue of arbitrability, as well as the merits of a claim, to an arbitrator clearly depends on the parties' intent. Whether the parties intended to arbitrate the issue of arbitrability may be determined from an express provision to that effect or from the use of broad terms. Unless the agreement shows such intent, the determination of the question of arbitrability remains a function of the court. (Citations and internal quotation marks omitted.)
Id., 227-28.
Paraphrased, Scinto says that a court is to decide issues of arbitrability, unless an agreement to arbitrate expresses a contrary intent. In so saying, the Appellate Court followed the directive of the Supreme Court in Welch Group. Inc. v. CreativeDrywall. Inc., 215 Conn. 464, (1990), where the court said, "We conclude that arbitrability, absent the parties' clear agreement to the contrary, is a factual question to be determined by the trial court." Id., 465.
The Scinto court quoted the arbitration provision before it as follows: CT Page 6109
 Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, except controversies or Claims relating to aesthetic effect and except those waived as provided for in Subparagraph 4.3.5. (Internal quotation marks omitted.)
Id., 226.
In Scinto, the operative arbitration language was "arising out of or related to the contract, or the breach thereof," while in this case the operative arbitration language is "arising out of or relating to this Agreement or the breach thereof." The operative language of the two agreements being, for these purposes, essentially identical, the court concludes, as did theScinto court, that the arbitration clause does not express an intent that issues of arbitrability are to be decided by an arbitrator. Accordingly, it is held that, under the arbitration clause, the court, and not an arbitrator, will decide whether the defenses are arbitrable.
Arbitrability of Defenses
The forum question having been resolved with the designation of the court as the appropriate forum for determination of the arbitrability of the defenses, the court must now decide whether the defenses are arbitrable. In Board of Education v. Frey,174 Conn. 578 (1978), the Supreme Court said:
In has now been clearly established that the Warrior "positive assurance" test is the law in Connecticut. Policemen's Firemen's Retirement Board v. Sullivan, supra, 7, 376 A.2d 399; Board of Police Commissioners v. Maher, 171 Conn. 613, 621, 370 A.2d 1076 (1976). Under the positive assurance test, "judicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance . . . An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." (Emphasis added.) United Steelworkers of America v. Warrior Gulf Navigation Co. supra, 363 U.S. 582-3, 80 S.Ct. 1353. CT Page 6110
Id., 582.
A close reading of the arbitration clause does not permit the court to say, with positive assurance, that issues of the timeliness of filing claims, such as those raised by the defenses, were intended by the parties to be excluded from the scope of their agreement to arbitrate. It is therefore held that the defenses are arbitrable and must be heard and decided in an arbitration proceeding.
CONCLUSION
There being no issues of material fact in regard to the Town's motion for summary judgment, and the court having decided that the issues raised in the defenses are arbitrable, summary judgment is entered in favor of the Town.
G. Levine, J.