## CARLIN POZZI ARCHITECTS, P.C. *v.* TOWN OF BETHEL ET AL.
### (AC 19633)

Spear, Mihalakos and Shea, Js.

Argued December 7, 2000—officially released March 27, 2001

*Stewart A. McMillan,* with whom, on the brief, was *Michael J. Byrne,* for the appellant (plaintiff).

*Sheila A. Denton,* with whom, on the brief, were *Edward P. McCreery III,* and *Aimee J. Wood,* for the appellee (named defendant).

SHEA, J. The plaintiff, Carlin Pozzi Architects, P.C., a firm of architects, appeals from the summary judgment rendered in favor of the defendant town of Bethel.[1] The plaintiff sought to enjoin the arbitration demanded by the defendant pursuant to an arbitration clause of a contract between the parties for architectural services to be furnished by the plaintiff to the defendant. On appeal, the plaintiff claims that the trial court's decision to grant the defendant's motion for summary judgment was clearly erroneous because a court and not arbitration is the appropriate forum for resolving the issue of whether the demand for arbitration was timely filed. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. On October 28, 1988, the plaintiff and the defendant entered into a contract in which the plaintiff was to provide architectural services for the defendant in the construction of a school. The contract contained an arbitration clause. The pertinent portions of the arbitration clause, article nine, provide in relevant part: "9.1 All claims, disputes and other matters in question between the parties to this Agreement arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association [AAA] then obtaining unless the parties mutually agree otherwise"; and "9.2 Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. The demand shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event shall

[1] The defendant American Arbitration Association is not involved in this appeal. We refer in this opinion to the defendant town of Bethel as the defendant.

the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations."

The plaintiff began construction of the school in 1990, and, by the fall of 1991, the defendant occupied and utilized the building. At some point, however, the roof and HVAC systems[2] of the building intermittently malfunctioned, causing damage. As a result of the problems with the roof and HVAC systems, on June 3, 1998, the defendant filed a demand for arbitration with the AAA, alleging breach of contract, breach of an implied covenant of good faith and fair dealing and negligence.

The plaintiff filed a verified complaint on December 30, 1998, seeking an injunction to enjoin the defendant and the AAA from proceeding with the arbitration. In seeking an injunction, the plaintiff claimed that the defendant's demand for arbitration was time barred by the statute of limitations for claims against design professionals and by the doctrine of laches,[3] and, further, that the court and not arbitration was the appropriate forum to determine this issue because defenses such as the statute of limitations were not included in the arbitration agreement. On January 20, 1999, the

---

[2] "HVAC" is an acronym for heating, ventilation and air conditioning systems.

[3] General Statutes § 52-584a (a) provides: "No action or arbitration, whether in contract, in tort, or otherwise, (1) to recover damages (A) for any deficiency in the design, planning, contract administration, supervision, observation of construction or construction of, or land surveying in connection with, an improvement to real property; (B) for injury to property, real or personal, arising out of any such deficiency; (C) for injury to the person or for wrongful death arising out of any such deficiency, or (2) for contribution or indemnity which is brought as a result of any such claim for damages shall be brought against any architect, professional engineer or land surveyor performing or furnishing the design, planning, supervision, observation of construction or construction of, or land surveying in connection with, such improvement more than seven years after substantial completion of such improvement."

defendant filed a motion to dismiss the plaintiff's complaint on the ground that the trial court lacked subject matter jurisdiction to determine whether the demand for arbitration was timely.

In its memorandum of decision dated February 25, 1999, the trial court concluded that the court and not arbitration was the proper forum to determine whether the plaintiff's defenses were arbitrable. The court held that the arbitration clause encompassed the issue of whether the defendant had filed a timely demand for arbitration and that, therefore, the issue should be decided by an arbitrator. The court dismissed the plaintiff's motion to enjoin the arbitration, but then stated that unless the parties objected, it would treat the motion to dismiss as a motion for summary judgment because a motion to dismiss is inappropriate for deciding questions of arbitrability. When the plaintiff objected, the defendant filed a motion for summary judgment raising claims identical to those in its motion to dismiss. On May 13, 1999, the court granted the defendant's motion for summary judgment and held that the complaint raised no genuine issue of material fact and that the issues are arbitrable. This appeal followed.

On appeal, the plaintiff claims that the court's decision to grant the defendant's motion for summary judgment was clearly erroneous because the arbitration agreement fails to include issues involving the timeliness of a demand for arbitration, and, therefore, the court and not an arbitrator should determine whether the defendant filed a demand for arbitration within the proper statutory time period. We are not persuaded.

Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Pursuant to Practice Book § 17-49, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Crystal Lake Clean Water Preservation Assn.* v. *Ellington,* 53 Conn. App. 142, 147, 728 A.2d 1145, cert. denied, 250 Conn. 920, 738 A.2d 654 (1999). "Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Kroll* v. *Steere,* 60 Conn. App. 376, 381, 759 A.2d 541, cert. denied, 255 Conn. 909, 763 A.2d 1035 (2000).

As the court recognized, the first issue to be determined is whether a court or an arbitrator should decide whether the dispute between the parties was arbitrable, an issue referred to as the forum question. Relying on the decision of this court in *Scinto* v. *Sosin,* 51 Conn. App. 222, 721 A.2d 552 (1998), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999), the trial court designated itself as the forum to resolve that question. The court then concluded that the issues raised by the plaintiff, including its defense that the statute of limitations, General Statutes § 52-584a, barred the defendant's claims of defective performance of the plaintiff's contractual obligations, were within the scope of the arbitration clause of the contract, which applies to "[a]ll claims, disputes and other matters in question between the parties to this Agreement arising out of or relating to

this Agreement or the breach thereof . . . ." Accordingly, the court granted the defendant's motion for summary judgment.

On appeal, the plaintiff contends that "[a] court, rather than an arbitration proceeding, is the proper forum for determining whether a demand for arbitration has been timely filed." The plaintiff does not contest the determination of the trial court that a court rather than an arbitrator should decide the forum question. In its brief, the plaintiff claims that "[t]he Contract does not expressly provide that issues of arbitrability are to be resolved in arbitration; therefore, the timeliness of the defendant's Demand must be determined by the courts." The plaintiff assumes that the issue of arbitrability includes the determination of the merits of the claims or defenses raised by the parties. The court in this case concluded that a determination of the merits of the defenses must await a resolution of the forum question with a designation of either the court or an arbitration proceeding as the appropriate forum to determine the arbitrability of the defenses and a determination by the designated forum as to whether the defenses were arbitrable. Here, the plaintiff's quarrel is with the designation of arbitration as the forum to decide the merits of the claims and defenses raised by the parties.

In essence, arbitration agreements are contracts, and, absent an agreement, a party cannot be forced to submit a particular dispute to arbitration. *Levine* v. *Advest, Inc.*, 244 Conn. 732, 744, 714 A.2d 649 (1998). "The law in Connecticut is clear. Whether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question, also. . . . Whether the parties intended to arbitrate the issue of arbitrability may be determined from an express provision to that effect or from the use of broad terms. . . . Unless the agreement shows

such intent, the determination of the question of arbitrability remains a function of the court." (Citations omitted; internal quotation marks omitted.) *Scinto* v. *Sosin*, supra, 51 Conn. App. 227–28. "The manifestation of arbitrability may be by express provision to that effect or the use of broad terms . . . and courts must look to the plain language of the contract and construe the contract as a whole when determining the intent of the parties." (Citation omitted.) *Weitz Co.* v. *Shoreline Care Ltd. Partnership*, 39 Conn. App. 641, 644–45, 666 A.2d 835 (1995).

The United States Supreme Court has declared that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of America* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960). In *Board of Education* v. *Frey*, 174 Conn. 578, 582, 392 A.2d 466 (1978), our Supreme Court adopted the "positive assurance" test as the law for Connecticut. Previously, in *Board of Police Commissioners* v. *Maher*, 171 Conn. 613, 621, 370 A.2d 1076 (1976), the court had approved of the statement in *United Steelworkers of America* that "[d]oubts should be resolved in favor of coverage." "Under the positive assurance test, judicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance." (Internal quotation marks omitted.) *Weitz Co.* v. *Shoreline Care Ltd. Partnership*, supra, 39 Conn. App. 644. Therefore, to resolve this issue, the positive assurance test must be applied. We hold that the court properly concluded that it could not be determined with positive assurance that issues of timeliness were intended by the parties to be excluded from the arbitration agreement.

The contested arbitration clause in the contract provides in relevant part: "9.1 All claims, disputes and other matters in question between the parties to this Agreement arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise . . . ." The broad scope of that contract provision precludes any exceptions so long as the claims, disputes or other matters in question between the parties arise out of or are related to the agreement or the breach thereof. Regardless of whether the defendant's claims are barred by the applicable statute of limitations, as the plaintiff maintains, it is clear that those claims arose out of or were related to the agreement. A resort to the principles of contract interpretation is superfluous in view of the unambiguous arbitration clause in the contract. Accordingly, it cannot be said with positive assurance that the parties intended to exclude the issue of timeliness from arbitration. Therefore, we conclude that the summary judgment rendered in favor of the defendant was proper as a matter of law.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

[4] The plaintiff further contends that § 9.2 of the contract precludes the commencement of an arbitration proceeding if the statute of limitations has expired. Our conclusion that it is within the province of the arbitrator to determine whether the defendant's demand for arbitration was timely filed effectively disposes of this additional claim.