[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STAY PROCEEDINGS (#101)
The defendant has moved for an order staying court proceedings pending arbitration. The plaintiff brought the present action in a complaint dated September 4, 2001, seeking a declaratory ruling that the plaintiffs chief executive officer, the town First Selectman, was within his statutory right pursuant to General Statutes § 29-260 to not reappoint the town building official and to terminate his employment. The defendant grieved the termination pursuant to the parties' collective bargaining agreement. Following the denial of the grievance, the defendant filed for arbitration and presently requests a stay of court proceedings pending the outcome of arbitration.
General Statutes § 52-409 provides: "If any action for legal or equitable relief . . . is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding s pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration." Under this section, therefore, "the [c]ourt must stay any action as to which the applicant for a stay can establish the following facts: (1) that both the applicant and the plaintiff are parties to a written arbitration agreement; (2) that one or more issues referable to arbitration under that agreement are involved in the action sought to be stayed; and (3) that the applicant is ready and willing to proceed to arbitration on such arbitrable issues." Sordoni SkanskaConstruction Co., Inc. v. Charles Beckman Swanson Architects, Superior Court, complex litigation docket at Waterbury, Docket No. CV X00 0161286 (May 11, 2001, Sheldon, J.) (30 Conn.L.Rptr. 189). Presently at issue is the second requirement, that the subject of the proceeding be an issue referable to arbitration under that agreement. CT Page 12090
There are strong policies underlying arbitration agreements. "[T]he law in this state takes a strongly affirmative view of consensual arbitration. . . . Early in our judicial history we expressed the view that, since arbitration is designed to prevent litigation, it commands much favor from the law. . . . We have recognized the public policy favoring arbitration which is intended to avoid the formalities, delay, expense and vexation of ordinary litigation." (Citations omitted; internal quotation marks omitted.) Board of Education v. East HavenEducation Assn., 66 Conn. App. 202, 207, 784 A.2d 958 (2001).
While arbitration is strongly favored, there exist clear limitations on when it must be utilized in place of court proceedings. "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." (Internal quotation marks omitted.) Levine v. Advest, Inc., 244 Conn. 732, 744,714 A.2d 649 (1998). "Legal as well as factual disputes may be designated by the contract to be within the purview of arbitrators . . . but arbitration and its scope remain dependent on the contract. The courts are empowered to direct compliance with the provisions of arbitration agreements, but no one may be compelled to arbitrate a dispute outside the scope of the agreement, which constitutes the charter of the entire arbitration proceeding and defines and limits the issues to be decided by the arbitrators. (Citations omitted; internal quotation marks omitted.)Fink v. Golenbock, 238 Conn. 183, 194-95, 680 A.2d 1243 (1996).
"The law in Connecticut is clear. Whether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question, also. . . . Whether the parties intended to arbitrate the issue of arbitrability may be determined from an express provision to that effect or from the use of broad terms. . . . Unless the agreement shows such intent, the determination of the question of arbitrability remains a function of the court." (Internal quotation marks omitted.) Carlin Pozzi Architects,P.C. v. Bethel, 62 Conn. App. 483, 488, 767 A.2d 1272 (2001).
Here, the parties expressly limited the scope of arbitration. The arbitration clause is contained in Article 10 of the parties' collective bargaining agreement (Agreement). The Agreement states that "[t]he arbitrator shall have no power to add to, subtract from, amend, alter or delete any provision of the Agreement but shall only have the power to interpret the specific terms of this Agreement." (Art. 10, § 10.1.) There is no question of interpretation of the Agreements specific terms. Rather, the issue is whether, given the clear and specific terms of the Agreement, a certain issue falls within the scope of these terms. Thus, this question of arbitrability is a function of the court. CT Page 12091
Article 10 of the Agreement outlines the procedure for the arbitration and mediation of all employee grievances. A "grievance" is defined as: "any difference, dispute, or disagreement over, or alleged breach of, the terms and conditions of this Agreement, including but not limited, disciplining an employee without just cause." (Art. 10, Section 10.1.)
"Since arbitration is a creature of contract, the parties themselves, by their submission, define the power of the arbitrators . . . and delineate the issue to be decided." (Citation omitted.) Continental Ins.Co. v. Connecticut Natural Gas Corp., 5 Conn. App. 53, 56, 497 A.2d 54
(1985). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to that intent. . . . Contract language is unambiguous when it has a definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion . . . . " (Citations omitted; internal quotation marks omitted.) Levinev. Advest, Inc., supra, 244 Conn. 746.
There is no ambiguity in the Agreement with respect to its scope. The plain language of the Agreement demonstrates that the agreement to arbitrate only applies to disputes over or breaches of the Agreement's terms and conditions. Here, the Agreement does not contain terms or conditions regarding the present dispute. The terms and conditions of the Agreement do not address the appointment and removal of the building official nor does the Agreement contain terms or conditions regarding the termination of the employment of a bargaining unit employee for reasons other than discipline. The defendant has not shown that the decision to not reappoint the building official was disciplinary in nature.
Accordingly, the Motion to Stay Proceedings is denied on the ground that the court is not satisfied that the issue presented is referable to arbitration.
RUSH, J. CT Page 12092